421 So.2d 224 (1982)
STATE of Louisiana
v.
Jerry LEWIS.
No. 81-KA-3337.
Supreme Court of Louisiana.
October 18, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Glen Petersen, Asst. Dist. Attys., for plaintiff-appellee.
Joel B. Dickinson, Joel B. Dickinson & Associates, Baton Rouge, for defendant-appellant.
WARD, Justice Pro Tem.[*]
On April 8, 1980, the East Baton Rouge Parish Grand Jury indicted the defendant, *225 Jerry Lewis, and charged him with manslaughter, LSA-R.S. 14:31. More than one year after the indictment, on June 8, 1981, he entered a plea of guilty as charged. The plea was entered after an extensive colloquy between the Trial Judge and Lewis. That colloquy, also known as the Boykin examination, was conducted in the presence of defense counsel who participated in it. The Trial Judge, after thoroughly advising Lewis of the rights which he was waiving by pleading guilty, accepted Lewis's plea and ordered a pre-sentence investigation. A sentencing hearing was scheduled for September 4, 1981, and after the hearing and after a review of the sentencing guidelines, which are prescribed by La.C.Cr.P. Art. 894.1, the Trial Judge sentenced Lewis to imprisonment for twenty-one years, the maximum sentence for manslaughter.
On September 14, 1981, Lewis filed a pro se motion to withdraw his plea of guilty, and he asked to be granted a trial. Initially, the Trial Judge granted the motion, and on October 8, 1981, he vacated the plea, but later on the same day, after a hearing in open court, the Trial Judge recalled that order, and the guilty plea and sentence were allowed to stand.
Lewis has appealed, and he urges several reasons for reversal. First, and most importantly, Lewis argues that the Trial Judge erred when he withdrew his order vacating the plea of guilty and the sentence. Nothing in the record, neither a transcript nor a minute entry therein, refers to the October 8th order of the Trial Judge in which he vacated the plea and sentence. On the other hand, a transcript of the hearing held later that day does refer to the order vacating the plea and sentence. It indicates that after the hearing, the Trial Judge recalled his order because he believed La.C.Cr.P. Art. 881 and 882 prohibit the withdrawal of a plea of guilty after sentence.[1]
Articles 881 and 882, however, refer to amendment and correction of sentence, not to withdrawal of a plea of guilty, the subject of La.C.Cr.P. Art. 559.[2] Art. 559 does permit a plea of guilty to be withdrawn, but only before sentence is imposed. Nonetheless, expanding concepts of due process and U.S. Supreme Court decisions  all having occurred since the adoption of Article 559 and the Code of Criminal Procedure  suggest that an exception to the blanket prohibition against withdrawal of pleas after sentence is required both by law and logic. An exception is required by law because a guilty plea is meaningless unless a rigorous procedure is followed both before and after the plea is entered. Counsel must ordinarily be present. Defendants must be advised of basic fundamental rights; waiver of these rights must be knowing and voluntary, and the minutes must reflect all of this. State v. Jones, 404 So.2d 1192 (La.1981). Beginning with State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977), this court has held that the trial court could properly vacate a plea of guilty even after sentence when it determined that the facts surrounding a guilty plea rendered it "constitutionally deficient." Also, in State v. Galliano, 396 So.2d 1288 (La.1981), this court held that the Trial Judge had authority to grant a motion to vacate the sentence and to allow the withdrawal of a plea of guilty when the plea was not both voluntary and intelligently entered. In that case the defendant had not been advised of the *226 statutory minimum sentence, his knowledge of the consequences of the plea was questionable, and, therefore, the Boykin colloquy was constitutionally deficient.
These decisions indicate that there are exceptions to the blanket prohibition against withdrawal of guilty pleas, exceptions which are required not only by law, but also by common sense and reason. In these instances, when the plea is constitutionally deficient, it is only reasonable to permit withdrawal of that plea because it may be attacked on constitutional grounds, even after sentence, by a writ of habeas corpus. Hence, judicial economy obviously suggests that the Trial Judge should have jurisdiction to immediately conduct a hearing of the motion to vacate a plea even after sentence.
Turning to the instant case, in Lewis's pro se motion, the styling of the motion is not important, but the content is. Lewis states in what he styled as a Motion to Withdraw Plea of Guilty:
"That at the time he withdrew his plea of `Not Guilty' and pleaded guilty to the charge of manslaughter he was assured by his attorney that the Assistant District Attorney would recommend that he be placed on probation; that his attorney assured him that if he has a good record he would probably be placed on probation, if not probation, he would receive a lighter sentence.
That mover certainly would not have pleaded guilty if he had known that he would be given the maximum sentence of twenty-one years."
In State ex rel. Clark v. Marullo, supra, this court held a similar motion should be considered as the equivalent of an application for writs of habeas corpus. In this case, whether or not Lewis's motion is considered as habeas corpus or a motion to withdraw his plea, it is a request for a post-conviction remedy which attacks the constitutionality of the guilty plea. When a Trial Judge finds, even after sentencing a defendant, either that a plea of guilty was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and that the plea, therefore, is constitutionally infirm, the Trial Court retains the authority to vacate the sentence and set aside the plea, notwithstanding Article 559. State v. Galliano, supra; State v. Banks, 383 So.2d 1009 (La.1980), State ex rel. Clark v. Marullo, supra.
In the case before us, although the Trial Judge initially granted Lewis's motion to withdraw his plea and to proceed to trial, the record does not contain the Trial Judge's reasons for ordering the plea vacated. Lewis's motion in essence alleges that the plea was not voluntarily made and that it was induced. In his brief, Lewis's counsel contends that he, counsel, was unintentionally misled by remarks made by the Trial Judge and that as a result, he then inadvertently misled Lewis. Hence, the Trial Judge may either conduct a hearing to determine whether the plea should be vacated or grant Lewis's motion without a hearing. In any event, the Trial Judge has jurisdiction and authority to set aside Lewis's guilty plea, and this is true even though the Boykin colloquy is otherwise more than adequate and well done.
Since the plea colloquy is but an objective method of ascertaining and preserving an accused's state of mind, however, judicial inquiry need not focus solely upon the clarity of the words used. For this reason, a court, when called upon to do so through a recognized procedural vehicle, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. (Citations omitted).
State v. Galliano, supra, at 1290.
We, therefore, remand the case to the Trial Judge, who may either vacate the plea and proceed to trial or conduct a hearing on Lewis's pro se motion.
Lewis raises two other issues on appeal. One of those issues deals with the excessiveness of the sentence imposed by the Trial *227 Court. Because we hold that the case should be remanded, it is not necessary to consider whether the sentence was excessive.
Lewis's attorney has his own appeal. He has attempted to withdraw from the case. The Trial Judge granted his motion to withdraw when he granted Lewis's motion to withdraw the guilty plea, but the Trial Judge withdrew that order when he withdrew the order vacating Lewis's plea, and he has re-appointed him as counsel to represent Lewis.
Defense counsel objects to being ordered to accept the appointment as counsel when there is an indigent defender's board within that parish from which counsel could be obtained. Ordinarily, the Trial Judge has the inherent power to appoint lawyers to represent indigents, and the traditional and specific duty of the lawyer is to serve in this capacity. State v. Campbell, 324 So.2d 395 (La.1975). While this appointment is certainly not an error, counsel in the instant case may be called to testify for defendant during an evidentiary hearing, so the Trial Judge should have an opportunity to reconsider counsel's motion to withdraw in order to avoid the awkward situation of defense counsel having to be both advocate and witness in the case.
For these reasons, we reverse and remand to the Trial Court for determination of whether defendant Lewis should be allowed to withdraw his guilty plea.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
Once a court of proper jurisdiction allows the defendant to withdraw his guilty plea, there is no authority for the court to later enter a guilty plea on behalf of defendant by recalling the first order. The matter is in the posture of no plea having been entered on behalf of the defendant and proceedings must continue from that point.
Therefore, I respectfully dissent from the order remanding the case to determine whether defendant should be allowed to withdraw his plea.
NOTES
[*] Judge William H. Byrnes and David R.M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Pro Tempore, with Chief Justice Dixon and Associate Justices Calogero, Dennis and Watson.
[1] La.C.Cr.P. Art. 881. "Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence."

La.C.Cr.P. Art. 882. "An illegal sentence may be corrected at any time by the court that imposed the sentence. A sentence may be reviewed as to its legality on the application of the defendant or of the state: (1) In an appealable case by appeal; or (2) In an unappealable case by writs of certiorari and prohibition. Nothing in this article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus."
[2] La.C.Cr.P. Art. 559. "The Court may permit a plea of guilty to be withdrawn at any time before sentence."