CRAIN, Judge.
Defendant, Lionel Barnes, was charged by bill of information with forgery, in violation of La.R.S. 14:72. Defendant withdrew his original plea of not guilty, pled guilty as charged, and was subsequently sentenced to serve ten years in the custody of the Department of Corrections. In bringing this appeal, defendant urges as his only assignments of error that the trial court failed to follow the guidelines of La.C.Cr.P. art. 894.1 and that the sentence imposed is excessive.
La. Const, art. I, § 20 provides that “[n]o law shall subject any person to ... cruel, excessive, or unusual punishment.” A sentence may violate a defendant’s constitutional right against excessive punishment even though the sentence is within its statutory limits. State v. Jones, 412 So.2d 1051 (La.1982). Subject to these constitutional limitations the trial court has great discretion in imposing a sentence within the statutory limits. State v. Washington, 414 So.2d 313 (La.1982). Such sentences shall not be disturbed in the absence of manifest abuse of discretion. State v. Burnette, 419 So.2d 835 (La.1982).
A sentence shall be considered excessive and thus an abuse of discretion if it is “grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Bonnano, 384 So.2d 355, 357 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” Bonna *625 no, 384 So.2d at 358. “Maximum sentences are appropriately imposed in cases involving the most egregious and blameworthy offenders within a class.” State v. Collins, 470 So.2d 549, 552 (La.App. 1st Cir.1985).
The trial court should articulate the factors considered in imposing the given sentence. La.C.Cr.P. art. 894.1. However, every aggravating and mitigating circumstance need not be articulated so long as the record reflects the guidelines enumerated in La.C.Cr.P. art. 894.1 were adequately considered by the trial court. State v. Benton, 453 So.2d 993 (La.App. 1st Cir.1984). Forgery is punishable by a maximum fine of five thousand dollars or imprisonment for not more than ten years, with or without hard labor, or both. La. R.S. 14:72. In the instant case defendant was sentenced to ten years at hard labor, the maximum permissible term of imprisonment.
In its reasons for sentencing, the trial court noted that this was defendant’s second felony conviction. Defendant was thirty-two years of age and had been arrested thirty-six times, eleven of which were for felonies. It was noted that defendant’s criminal career began at eighteen years of age and had escalated since that time. The trial court stated that defendant’s lengthy criminal record was a significant factor in imposing sentence. What was more significant, however, was defendant’s propensity to commit crimes against the person, i.e., an arrest for attempted murder and at least three arrests for armed robbery. The trial court further stated:
The law says that I am to consider every possible way to suspend sentence and place you on probation that I can. Well, in this case the law also states I can’t put you on probation. But even if I could I wouldn’t be inclined to do so because I think you’re a danger to society. * * * The Court finds no alternative but to incarcerate you.
We hold that the trial court adequately complied with La.C.Cr.P. art. 894.1 in articulating aggravating and mitigating factors considered in imposing sentence. The sentence imposed on defendant is not apparently severe in relation to defendant or the offense committed. Even though defendant received the maximum term of imprisonment, in light of his extensive criminal record, the trial court did not abuse its wide discretion.
These assignments of error lack merit. Accordingly, we affirm the sentence imposed by the trial court.
AFFIRMED.