490 So.2d 601 (1986)
STATE of Louisiana, Appellee,
v.
Elisha BROWN, Jr., Appellant.
No. 17747-KA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
Van H. Brass, Monroe, for appellant.
Earl Cox, Asst. Dist. Atty., Monroe, for appellee.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
*602 NORRIS, Judge.
Defendant Elisha Brown was charged with middle-grade possession of stolen things, LSA-R.S. 14:69 B(2). Unrepresented by counsel, he entered a plea of nolo contendere which the court accepted after a Boykin examination.[1] Before sentencing, however, Brown secured counsel and moved to set aside the plea. The court conducted another hearing and determined that the plea was voluntarily and knowingly entered. After upholding the plea, the judge imposed a sentence of 18 months at hard labor. Brown now appeals, claiming the trial court erred in not allowing him to withdraw his plea. He also contends the sentence was excessive. For the reasons expressed, we affirm.
Brown was originally arrested for simple burglary after police, acting on a search warrant, found some bedspreads, pillows and curtains, valued between $100 and $500, in his house. The items had been stolen from Holiday Manufactured Housing in Monroe. When he was booked, the charges were reduced to illegal possession of stolen things.
In his first assignment of error, Brown argues that the trial court should have permitted him to withdraw his plea because it was made without the assistance of counsel and because it was made without full knowledge of the consequences.
The circumstances leading to the waiver of counsel issue can be described briefly. Between the date of the bill, July 8, and the day he eventually pled, July 17, Brown apparently went to court three times for arraignment and requested appointed counsel. On July 17 he appeared in court again for arraignment and said that no one from the indigent defender board had yet contacted him, but that he "would like to go before the court." R. p. 22. The trial court told him he could give up the right to a lawyer and represent himself if he wanted to. Brown replied that he would "like to."
The circumstances leading to the nolo plea can also be briefly described. The court told Brown that he could plead guilty or not guilty. Brown replied, "I plead nolo contendere on the receiving." R. p. 23. The court said the state did not have to accept the nolo plea, which was the same as a guilty plea. Brown replied he still wanted to plead, as long as the offense was not a felony. He stood by his plea. R. p. 24.
The unusual plea of nolo contendere is equivalent to an admission of guilt and, with the exception of being unavailable as an admission in a civil trial, is treated as a guilty plea. LSA-C.Cr.P. art. 552; La. State Bar Ass'n v. O'Halloran, 412 So.2d 523 (La.1982); State v. Hudnall, 480 So.2d 933 (La.App. 2d Cir.1985). Thus we will treat the nolo plea as a guilty plea for purposes of this opinion.
A guilty plea made without assistance of counsel, or waiver of counsel, is unconstitutional. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Waiver of counsel depends on a knowing and intelligent relinquishment or abandonment of a known right or principle. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). We have closely examined both the Boykin colloquy and the hearing on the motion to withdraw the plea. Brown himself first offered to proceed without an attorney. The trial court then informed him three times of his right to counsel. Each time, Brown replied responsively and sentiently that he wanted to proceed without counsel. Moreover, the general texture of the dialogue convinces us that Brown understood his sixth amendment right and waived it voluntarily. There were no promises, threats or coercion. While we realize that a constitutional right is not to be lightly cast aside, we have no difficulty in finding the waiver here. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
The issue of knowingness and voluntariness of the plea is slightly more complex. *603 Brown insists on appeal that his plea was premised on an understanding that the offense charged was not a felony. The knowingness of the plea, however, depends on the totality of the circumstances as brought out in the Boykin examination. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The trial court explained to Brown that his offense was a "relative felony," one for which hard labor may be imposed. R. p. 24. The trial court later informed Brown that the offense carried a sentence of up to two years, with or without hard labor, and also a potential fine of $2,000. R. p. 30. Thus Brown was adequately apprised of his possible exposure. He was not uninformed or misled about the consequences of his plea. See Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).
The Boykin examination completely satisfied all the other requirements for a voluntary plea. The trial court thoroughly covered the right against self-incrimination, the right to a jury trial, and the right of confrontation. State v. Nuccio, 454 So.2d 93 (La.1984). Brown's waiver was knowing and express. R. p. 29; State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). The voluntariness is clear and unequivocal. State v. Halsell, 403 So.2d 688 (La.1981). Finally, the colloquy with the court leaves little doubt that Brown was guilty of the offense charged. He seemed eager to get the matter behind him, if he could do so without admitting his guilt. R. p. 31.
Any lingering doubt as to Brown's understanding of his rights is obviated by his statements to the court about his alternatives. Without having been questioned on these subjects, Brown mentioned the possibility of dismissal for illegal search and seizure, of a fine instead of a jail term, or community work or probation. R. p. 31. These are not the ramblings of an uninformed defendant.
In brief, Brown has urged that State v. Lewis, 421 So.2d 224 (La.1982) requires a reversal. This reliance is misplaced. Lewis holds that even an unintentionally misleading remark by the trial judge may be grounds to vacate a guilty plea. However, Lewis establishes the option of vacating the plea or of holding a hearing to determine its voluntariness. If the hearing disproves the defendant's claim of an involuntary plea, then the trial court need not vacate it. This comports with the trial court's general discretion in vacating pleas. State v. Bourgeois, 406 So.2d 550 (La. 1981); State v. Helsley, 457 So.2d 707 (La. App. 2d Cir.1984). In the instant case, the trial court complied with Lewis by conducting a hearing on August 7. At that hearing, he repeated all the questions from the Boykin examination and determined, in excellent written reasons for judgment, that the plea was knowing and voluntary. R. pp. 11-13.
For these reasons we agree that the plea was knowing and voluntary and was made after an effective waiver of counsel. The trial court did not abuse its discretion in refusing to set it aside. This assignment does not present reversible error.
In his second assignment, Brown claims the sentence was excessive. LSA-Const. Art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). The trial court must comply with the mandatory guidelines of LSA-C.Cr.P. art. 894.1 and individualize the sentence by stating for the record the considerations taken into account and their factual bases. State v. Jones, 381 So.2d 416 (La.1980). It is axiomatic that the trial court has great discretion in imposing sentences and we will not upset one absent clear abuse of this discretion. State v. Trahan, 425 So.2d 1222 (La.1983).
The sentencing judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, but the record must reflect that he adequately considered them in particularizing the sentence to the defendant. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Smith, 433 So.2d 688 (La.1983).
*604 The judge followed the sentencing guidelines very closely. He observed, for example, that the criminal conduct posed a threat of harm that Brown should have contemplated, that there was no provocation, excuse or justification, and that there was no evidence of compensation or any offer to compensate the victim. The court also noted that Brown has four children, none of whom he supports, by four different women, none of whom he has married. Thus a prison sentence would not impose hardship on any dependents. The court was particularly influenced by Brown's past record of criminal conduct. Brown admitted the arrests for simple battery and theft. He denied arrests for possesion of narcotics and for burglary. Past arrests, even if they do not result in convictions, are properly considered in passing sentence. State v. Washington, 414 So.2d 313 (La.1982). Brown most strenuously denied a California conviction for burglary and robbery, and a 60 month sentence, even though the FBI reported it. The court accepted Brown's denial and said he would qualify for probation if probation were warranted. Naturally, a first-time offender is not automatically entitled to probation. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
The only mitigating factor was Brown's current employment as an electrician.
Under all the circumstances, especially Brown's prior criminal activity and his attitude toward the instant offense, the sentence is not grossly out of proportion to the severity of the offense nor is it a needless and purposeless imposition of pain and suffering. We agree with the trial court that criminal conduct is likely to recur and a lesser sentence would deprecate the seriousness of the crime. There was no abuse of discretion. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Bosley, 454 So.2d 1245 (La.App. 2d Cir.1984).
Accordingly, Brown's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).