509 So.2d 821 (1987)
STATE of Louisiana
v.
Olayemi Issaq ABIODUN.
No. 87 KA 0043.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
*822 Bryan Bush, Dist. Atty., Office of Dist. Atty., Baton Rouge, by Mike Erwin, Asst. Dist. Atty., for plaintiff/appellee.
Office of Public Defender, Baton, Rouge, by Tim Screen, Asst. Public Defender, for defendant/appellant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
The defendant, Olayemi Issaq Abiodun, was arrested by East Baton Rouge Parish Sheriff's deputies and charged with fifty-seven counts of forgery and fifty-seven counts of misdemeanor theft resulting from his unauthorized use of stolen credit cards. In Bill of Information No. 6-86-849, the defendant was charged with two counts of forgery, in violation of LSA-R.S. 14:72. Pursuant to a plea bargain agreement, the defendant pled guilty to these two counts of forgery. In exchange for these guilty pleas, the prosecutor agreed to drop another pending bill of information which contained two additional counts of forgery. The prosecutor also agreed not to prosecute any of the remaining charges of forgery and misdemeanor theft connected with the unauthorized use of these stolen credit cards. For these forgery convictions, the defendant received two concurrent sentences of nine years at hard labor. On appeal, he urges as his only assignment of error that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The following facts are derived from the preliminary examination and from the presentence investigation, which contain arrest and investigation reports. The defendant is a Nigerian student who attended Southern University in Baton Rouge, Louisiana. He also claims to have attended Louisiana State University, but this fact could not be verified. In the spring of 1986, the defendant was living in the Westminster Apartments, located on Jefferson Highway in Baton Rouge. In early 1986, a Mastercard and a Visa card were mailed to Rhonda Massel, who also lived in the Westminster Apartments, from First Bankcard Center in New Orleans, Louisiana. However, she never received these cards. Although it is not known how the defendant obtained these credit cards, it is certain that he used these cards over fifty times, mostly in the Jefferson-Drusilla area near his apartment. The defendant forged Rhonda Massel's signature on charge receipts to obtain gasoline, food, and merchandise.
*823 He was eventually arrested by the East Baton Rouge Sheriff's Department on fifty-seven counts of forgery and fifty-seven counts of misdemeanor theft by unauthorized use of an access card.

ASSIGNMENT OF ERROR:
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
LSA-C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether or not to impose incarceration. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir. 1984).
Reviewing the article 894.1 guidelines, the sentencing record reflects that the trial court found many aggravating circumstances. Although the presentence investigation indicated that the defendant was classified as a first felony offender, the trial court noted that he had been in this country less than five years. The trial court also noted that the defendant had fourteen aliases, four social security numbers, and claimed four different dates of birth. Considering his conviction for the instant offenses, the trial court noted that the defendant had originally been arrested for fifty-seven counts of forgery and fifty-seven counts of misdemeanor theft by unauthorized use of an access card. According to the presentence investigation, the defendant's unauthorized charges on these credit cards totaled over $1,300.00. The trial court noted that the defendant had not made any restitution in this case. Considering all of the above, the trial court concluded that the defendant would be a poor probation risk and that any lesser sentence would deprecate the seriousness of these offenses.
The choice of sentences within the statutorily prescribed range lies within the sound discretion of the trial court. This discretion is subject only to the constitutional limitations on excessive sentences and should not be disturbed absent manifest abuse. State v. Burnette, 419 So.2d 835 (La.1982).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering. See State v. Barnes, 479 So.2d 624 (La.App. 1st Cir.1985). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. See State v. Barnes, supra.
As originally charged, the defendant was exposed to a maximum sentence of twenty years at hard labor and a maximum fine of $10,000.00. See LSA-R.S. 14:72. However, the defendant received two concurrent sentences of nine years at hard labor and no fine. Furthermore, the defendant significantly reduced his sentencing exposure by pleading guilty to the two counts of forgery in bill of information number 6-86-849.[1] As a result of this plea bargain, the prosecutor agreed to dismiss another pending bill of information which contained two more counts of forgery. The prosecutor also agreed not to charge the defendant with any of the remaining counts of forgery or misdemeanor theft which resulted from this crime spree. In light of the reasons for sentencing given by the trial court, and considering the circumstances of the instant offenses, we find that the sentences imposed in this case are neither grossly disproportionate to these crimes nor an abuse of the trial court's great discretion. For the above reasons, this assignment of error is without merit.
The convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] It is proper for a court to consider the benefits of a reduced penalty exposure which the defendant obtained as the result of a plea bargain. See State v. Lanclos, 419 So.2d 475, 478 (La.1982).