WATKINS, Judge.
Roy E. Carpenter, also known as Roy E. Michel, Jr., was charged by bill of information with three counts of simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. Pursuant to a plea bargain agreement, the defendant pled guilty to three counts of simple burglary, in violation of LSA-R.S. 14:62.[1] In exchange for *724 these guilty pleas, the State agreed not to prosecute the defendant for the nine un-billed burglaries to which he had confessed after his arrest for the instant burglaries. For the instant simple burglary convictions, the defendant received three concurrent sentences of four years at hard labor. On appeal, he urges as his only assignment of error that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The following facts are derived from the Boykin colloquy, the affidavit of probable cause, and the presentence investigation, which contains arrest and investigation reports. The defendant and one or two unidentified males burglarized the Baton Rouge residences of Billy Cannon, Elaine Parrino, and Wanda Thom on February 16, March 10, and March 16,1987, respectively. Each burglary occurred at a time when the occupants were gone. Entry into each residence apparently was made by breaking a window. A total of approximately $500.00 in currency, assorted coins, and jewelry was taken in these burglaries. According to the defendant, his role in these burglaries was that of a lookout, and he denied entering any of these residences. When the defendant was arrested for the instant offenses, he confessed to being involved in nine other burglaries committed in Baton Rouge during February and March of 1987.
ASSIGNMENT OF ERROR
In his only assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. Specifically, the defendant argues that the “insignificance of the role he played in the burglaries” (a lookout) and the fact that he was willing to make restitution for all twelve of the burglaries in which he was involved, indicate that he was remorseful and deserved probation rather than a prison sentence. The defendant also contends that the trial court failed to consider all of the mitigating factors provided in LSA-C. Cr.P. art. 894.1 B and that this lack of adequate consideration of these factors resulted in the imposition of an excessive sentence.
LSA-C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether or not to impose incarceration. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reflect adequate consideration of the guidelines articulated in Article 894.1. State v. Taylor, 479 So.2d 617 (La.App. 1st Cir.1985).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial court has wide discretion in the imposition of sentences; and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Johnson, 486 So.2d 853 (La.App. 1st Cir.1986).
Reviewing the Article 894.1 guidelines, the sentencing record reflects that the trial court considered both aggravating and mitigating circumstances. Before sentencing the defendant, the trial court stated that it had reviewed the presentence investigation report and a letter from the defendant requesting probation. The trial court noted that defense counsel had also reviewed both the letter and the presen-tence investigation report. The trial court noted that the defendant did not have a juvenile record, but his adult criminal record contained several arrests, as well as misdemeanor convictions for theft and for theft of utilities. The trial court also noted the defendant’s social background, education, and employment history. In reviewing the instant offenses, the trial court noted the defendant’s role as a lookout but also noted that the defendant had participated in at least nine other burglaries.
The trial court noted that there were no grounds to excuse or justify the defendant’s criminal conduct and stated that this conduct was likely to recur. The trial court concluded that the defendant was in need of correctional treatment and stated that any lesser sentence would deprecate the seriousness of the offenses. Contrary to the defendant’s argument, we conclude *725 that the trial court thoroughly satisfied the criteria set forth in article 894.1.
The defendant also contends that the trial court erred in imposing an excessive sentence. As originally charged, the defendant was exposed to a maximum sentence of thirty-six years at hard labor, including at least three years without benefit of parole, probation, or suspension of sentence. See LSA-R.S. 14:62.2. However, the defendant received three concurrent sentences of four years at hard labor. By pleading guilty to three counts of simple burglary, the defendant avoided the parole, probation, and suspension of sentence ineligibility requirements contained in LSA-R. S. 14:62.2. Furthermore, the State agreed not to prosecute the defendant for the other nine burglaries in which he participated.[2] The instant sentences were clearly within the lower range of the sentencing scale. In light of the reasons for sentencing given by the trial court, and considering the circumstances of the instant offenses, we find that the sentences imposed in this case are neither grossly disproportionate to these crimes nor an abuse of the trial court’s great discretion. For the above reasons, this assignment of error is meritless.
CONVICTIONS AND SENTENCES AFFIRMED.

. We note that simple burglary is not included in the list of responsive verdicts to a charge of simple burglary of an inhabited dwelling. See LSA-C.Cr.P. art. 814 A. 44.1. However, LSA-C. Cr.P. art. 558 provides that the defendant may plead guilty to a lesser included offense with the consent of the district attorney. Simple burglary is a lesser included offense to a charge of simple burglary of an inhabited dwelling. See LSA-R.S. 14:62 and 14:62.2; State v. Spindler, 477 So.2d 872 (La.App. 4th Cir.1985). See also State v. Falls, 508 So.2d 1021 (La.App. 5th Cir.1987).

. It is proper for a court to consider the benefits of a reduced penalty exposure which the defendant obtained as the result of a plea bargain. See State v. Lanclos, 419 So.2d 475, 478 (La.1982); State v. Abiodun, 509 So.2d 821, 823 n. 1 (La.App. 1st Cir.1987).