581 So.2d 314 (1991)
STATE of Louisiana
v.
Edward E. PARKER.
No. KA 90 0616.
Court of Appeals of Louisiana, First Circuit.
May 16, 1991.
*316 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge, (by Monisa Thompson, Asst. Dist. Atty.), for plaintiff/appellee.
James Boren, Baton Rouge, for defendant/appellant.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
GONZALES, Judge.
The defendant, Edward E. Parker, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. Subsequently, pursuant to a plea bargain agreement, the defendant pled guilty to the responsive offense of attempted armed robbery, a violation of La.R.S. 14:27 and 14:64. In exchange for this guilty plea, the State agreed not to institute habitual offender proceedings against the defendant; and the trial court agreed to a maximum sentence of twenty-five years at hard labor without benefit of parole, probation, or suspension of sentence. Thereafter, the defendant received a sentence of twenty-two years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant has appealed, alleging three assignments of error, as follows:
1. The trial court erred in imposing an excessive sentence.
2. Prosecutorial misconduct prior to the defendant's guilty plea deprived him of the effective assistance of counsel.
3. The trial court erred in refusing to grant a hearing on the defendant's motion to withdraw his guilty plea.
The following facts are derived from the affidavit of probable cause, the statement of facts at the Boykin colloquy, and the offense report contained in the pre-sentence investigation. Shortly after 11:00 p.m. on June 15, 1988, the defendant approached the victim, a twenty-eight year old female, in the parking lot at O'Donahue's on Sherwood Forest Boulevard in Baton Rouge, Louisiana. He produced a gun, took her car keys, and demanded a ride. Although the defendant tried to force the victim inside her car, she managed to escape and summon help. The defendant fled on foot and was arrested nearby only minutes later. His gun and the victim's keys were recovered shortly thereafter.

ASSIGNMENT OF ERROR NO. ONE:
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Chaisson, 507 So.2d 248, 250 (La. App. 1st Cir.1987). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Before imposing sentence, the trial court considered the circumstances of the instant offense and the defendant's criminal record. The pre-sentence investigation report revealed that the defendant had prior felony convictions for armed robbery and theft. The trial court also considered mitigating circumstances, including the defendant's *317 youth, the support shown by the defendant's family, and favorable testimony from the defendant and other defense witnesses at the sentencing hearings. However, after reviewing all of these factors, the trial court concluded that the defendant was in need of correctional treatment and stated that a lesser sentence would deprecate the seriousness of the offense.
In his brief to this Court, the defendant cites seven cases wherein defendants convicted of armed robbery and attempted armed robbery received sentences between seven and fifteen years. However, the cases cited by the defendant are easily distinguished. Five of these cases involved first felony offenders, and two involved a second felony offender. As noted above, the instant offense was the defendant's third felony conviction. Furthermore, the defendant clearly benefitted from the reduced sentencing exposure he received as a result of the instant plea bargain agreement, wherein he was allowed to plead guilty to a lesser offense, the State agreed not to institute habitual offender proceedings, and the trial court set the maximum possible sentence at twenty-five years.[1] Considering the circumstances of this offense and the reasons for sentencing given by the trial court, we conclude that the instant sentence is not excessive.
This assignment of error is meritless.

ASSIGNMENTS OF ERROR NOS. TWO AND THREE:
In assignment of error number two, the defendant contends that prosecutorial misconduct prior to his guilty plea deprived him of the effective assistance of counsel. In assignment of error number three, the defendant contends that the trial court erred in refusing to grant a hearing on his motion to withdraw the guilty plea.
In order to understand these assignments of error, a brief procedural history of this case is necessary. The defendant was originally represented by two defense attorneys. His guilty plea was entered on August 28, 1989. He was sentenced on November 15, 1989. He filed a motion for an appeal on November 20, 1989, and the trial court signed the motion on November 27, 1989. At some point, the original attorneys withdrew from the case, and appeal counsel enrolled as counsel for the defendant. Appeal counsel filed a motion to withdraw the defendant's guilty plea on April 26, 1990, five months after the order of appeal had been entered.
The defendant contends that, due to ineffective assistance of counsel, he should be allowed to withdraw his guilty plea. Specifically, he contends that the prosecution instructed the victim not to speak with the two defense attorneys or the defense investigator. See State v. Hammler, 312 So.2d 306, 309-310 (La.1975). He argues that this prosecutorial misconduct rendered the two original attorneys ineffective.
A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. State v. Cockerham, 525 So.2d 314, 316 (La.App. 1st Cir.1988); State v. Teeter, 504 So.2d 1036, 1039 (La. App. 1st Cir.1987). However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Williams, 464 So.2d 451, 455-456 (La.App. 1st Cir.1985).
Clearly, the instant record gives no indication that the prosecutor, or anyone else, instructed the victim to refuse to talk with the original defense attorneys or their investigator. An evidentiary hearing would be required to resolve this allegation. The defendant apparently acknowledges this fact. In his supplemental brief to this Court, he contends that the trial court erred in refusing to conduct a hearing on his motion to withdraw the guilty plea. He argues that the trial court incorrectly *318 concluded that it lacked jurisdiction to conduct such a hearing and requests this Court to remand the matter to the trial court for a hearing. For the reasons which follow, we conclude that the trial court did lack jurisdiction over the matter and, therefore, correctly denied the defendant's motion to withdraw his guilty plea without a hearing.
The trial court may permit a guilty plea to be withdrawn at any time before sentence. La.C.Cr.P. art. 559(A). However, in State v. Lewis, 421 So.2d 224 (La.1982), the Louisiana Supreme Court held that a trial court could consider a motion to withdraw a guilty plea filed after sentencing and, if the motion had merit, a sentence could be vacated and a constitutionally infirm guilty plea could be set aside notwithstanding Article 559. State v. Lewis, 421 So.2d at 226. As in the instant case, Lewis dealt with a motion to withdraw a guilty plea filed after sentence. The defendant cites Lewis as support for his argument that the trial court erred in denying his motion to withdraw the guilty plea without a hearing. However, we note two significant differences between the instant case and Lewis. First, Lewis claimed that his guilty plea was involuntary because he had been misled by his defense attorney as to the possibility of probation. Apparently, his defense attorney alleged that he had misunderstood the trial court and, in turn, the defense attorney "inadvertently misled" the defendant. State v. Lewis, 421 So.2d at 226. The instant defendant does not allege that his guilty plea was involuntary due to an inadequate Boykin colloquy, a misunderstanding of the plea agreement, or a breach thereof. Furthermore, in Lewis, the Supreme Court did not specifically address possible jurisdictional conflicts. However, in the instant case, this Court clearly had jurisdiction over the matter once the order of appeal was signed and the trial court apparently decided that it lacked jurisdiction to conduct a hearing on the defendant's motion.
La.C.Cr.P. art. 916(3) provides:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to either:
* * * * * *
(3) Correct an illegal sentence or reduce a legal sentence in accordance with Article 913(B).
La.C.Cr.P. art. 882(A) provides:
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
In our view, one example of such an illegal sentence which could be corrected by the trial court at any time, even after the entering of an order of appeal, would be a sentence which illegally exceeds that provided for in the particular criminal statute. For instance, the maximum sentence for a simple burglary conviction is twelve years at hard labor. See La.R.S. 14:62. If a trial court imposed a sentence of twenty years at hard labor for a simple burglary conviction, and subsequently recognized its error, it could correct such an illegal sentence at any time, even after it had entered an order of appeal in the case. However, Articles 882(A) and 916(3) refer only to illegal sentences, not constitutionally invalid guilty pleas. While it might be argued that a sentence imposed in connection with an invalid guilty plea is an "illegal" sentence, we conclude that Articles 882(A) and 916(3) were not intended to refer to guilty pleas and, therefore, the trial court has no jurisdiction to correct and/or vacate an invalid guilty plea if a motion to withdraw same is not made before the order of appeal is entered.
Considering the Supreme Court's pronouncement in Lewis, and attempting to resolve jurisdictional conflicts, we make the following conclusions. If a defendant files a motion to withdraw a guilty plea either before or after sentence is imposed, but before the entering of an order of appeal, the trial court may consider the motion. If the motion contains specific allegations that the guilty plea was involuntary, the Boykin colloquy was defective, there was a breach of the plea *319 bargain agreement, or some other specific allegation that the plea is constitutionally infirm, the trial court should vacate the plea or conduct a hearing on the matter. However, if a motion to withdraw a guilty plea is filed after the entering of an order of appeal, the trial court has no jurisdiction over the matter. Our decision will not preclude a defendant who has entered an unconstitutional guilty plea from obtaining relief. Such a defendant could obtain relief on appeal (provided the record contains sufficient information to decide the issue) or through post-conviction relief (where, if necessary, an evidentiary hearing could be conducted in the district court).
In the instant case, the defendant's motion to withdraw the guilty plea was filed after the entering of an order of appeal; and, therefore, the trial court lacked jurisdiction over the matter. Accordingly, we find that the trial court properly denied the motion without a hearing.
For the above reasons, these assignments of error are meritless.
CONVICTION AND SENTENCE ARE AFFIRMED.
NOTES
[1] It is proper for a court to consider the benefits of a reduced penalty exposure which the defendant obtained as a result of a plea bargain. See State v. Carpenter, 525 So.2d 723, 725 n. 2 (La. App. 1st Cir.1988); State v. Abiodun, 509 So.2d 821, 823 n. 1 (La.App. 1st Cir.1987).