ftPER CURIAM.
Pursuant to a plea agreement, relator pled guilty to aggravated oral sexual battery. At the time of the plea, the court did not advise relator of the sex offender notification requirements. See La. R.S. 15:542 & 15:543(A). More than three years following finality of the conviction and sentence, relator filed a motion to withdraw guilty plea. Relying on State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909, he argued that his plea was involuntarily and unintelligently entered because of the court’s failure to advise him of the notification requirements.
In Calhoun, the Supreme Court interpreted La. R.S. 15:543(A) as requiring a district court to advise a defendant of the notification requirements prior to accepting a guilty plea. 694 So.2d at 913. The court further held that a district court’s failure to timely notify a defendant of the registration requirements is a factor that can undercut the voluntary nature of a guilty plea. The Supreme Court cited oth *2 er factors in support of its decision to allow the defendant to withdraw his guilty plea, and it said it was expressing no opinion as to whether the failure to timely notify a defendant of the registration requirements alone would require a district court to permit a guilty plea to be withdrawn. Calhoun, 694 So.2d at 914 n.6.
In the instant case, the state answered the motion to withdraw guilty plea, objecting on the ground the motion was filed untimely under La.Code Crim. P. art. 980.8. After appointing counsel to represent relator, the district court held a hearing and denied the motion on the ground it was filed untimely.
Relator argues the court erred when it applied the time limitation requirement of article 930.8 because his request was in a motion to withdraw guilty plea, not in an application for postconviction relief. Despite the language of La.Code Crim. P. art. 559, which provides that a court may allow a guilty plea to be withdrawn at any time before sentence, a trial court retains authority, even after sentencing to permit the withdrawal of a constitutionally infirm guilty plea. State v. Lewis, 421 So.2d 224, 226 (La.1982). However, after sentencing the request is Lin the nature of postconviction relief, and it must be filed timely under La.Code Crim. P. art. 930.8. See Lewis, 421 So.2d at 226.
Relator argues that his motion, even if viewed as an application for post-conviction relief, should not be considered untimely because his claim was based on facts that were not known to him or to his attorney, one of the exceptions to the time limit requirement of article 930.8. See La. Code Crim. P. art. 930.8(A)(1). However, relator did not allege in his motion that his claim was based on facts that were not known, and no evidence supporting application of the exception was introduced at the hearing. Furthermore, late realization that the court erred by not giving notice of the sex offender registration requirement does not qualify as the discovery of a new fact for purposes of the exception set out in article 930.8(A)(1). See State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694.
There being no error in the court’s application of article 930.8, this writ is denied.
WRIT DENIED.