# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

SANDY DAVIS

NO. 2021 KW 0185

**APRIL 26, 2021**

---

In Re:    State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 02-07-0534.

---

**BEFORE:    GUIDRY, McCLENDON, AND LANIER, JJ.**

   **WRIT GRANTED.**    The trial court's ruling granting the "renewed motion to correct illegal [sentence] pursuant to La. C.Cr.P. art. 882" is reversed. Although denominated a motion to correct an illegal sentence, the filing was a motion to withdraw a guilty plea.  While it might be argued that a sentence imposed in connection with an invalid guilty plea is an "illegal" sentence, La. Code Crim. P. art. 882(A) was not intended to refer to guilty pleas. See **State v. Parker**, (La. App. 1st Cir. 1991), 581 So.2d 314, 318.   Further, despite the language of La. Code Crim. P. art. 559, which provides that a court may allow a guilty plea to be withdrawn at any time before sentence, a trial court retains authority, even after sentencing to permit the withdrawal of a constitutionally infirm guilty plea.  **State v. Lewis**, 421 So.2d 224, 226 (La. 1982).  However, after sentencing the request is in the nature of postconviction relief, and it must be filed timely under La. Code Crim. P. art. 930.8. See **Lewis**, 421 So.2d at 226; **State ex rel. Chauvin, Jr. v. State**, 99-2456 (La. App. 1st Cir. 1/28/00), 814 So.2d 1, 2 (per curiam).  The defendant's conviction became final in 2011.  See La. Code Crim. P. art. 922(B).  His "[m]otion to correct illegal sentence or, in the alternative, motion to withdraw plea and vacate convictions" was not filed until June 21, 2018.  The "renewed motion to correct illegal [sentence] pursuant to La. C.Cr.P. art. 882" was not filed until 2020.  These motions were untimely. See La. Code Crim. P. art. 930.8.

**JMG**
**PMc**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT