# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

TYLER JUDSON

NO. 2022 KW 0152

**MAY 9, 2022**

---

In Re:   State of Louisana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-20-02965.

---

**BEFORE:   GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**WRIT GRANTED.** When a district court finds, even after sentencing, that a plea of guilty is constitutionally infirm, it retains the authority to vacate the sentence and set aside the plea. **State v. Allah**, 2017-0785 (La. 1/9/18), 232 So.3d 554 (*per curiam*) (citing **State v. Lewis**, 421 So.2d 224, 226 (La. 1982)). A constitutionally infirm guilty plea may be set aside either by means of an appeal or postconviction relief. **State v. Dixon**, 449 So.2d 463, 464 (La. 1984); **State v. Young**, 2020-0049 (La. App. 1st Cir. 11/6/20), 315 So.3d 904, 907, writ denied, 2020-01402 (La. 2/9/21), 310 So.3d 177. In order to properly exercise its discretion and in order for the appellate court to review the exercise of that discretion, the trial court should conduct a hearing or inquiry on defendant's motion to withdraw a guilty plea. **State v. McGarr**, 52,641 (La. App. 2d Cir. 4/10/19), 268 So.3d 1189, 1197 (citing **Lewis**, 421 So.2d at 225).

The oral request to withdraw the guilty plea was improperly granted where the record does not show the district court received sworn testimony or evidence regarding defendant's request to withdraw his guilty plea in this case. Accordingly, the district court's ruling granting the motion to withdraw the guilty plea is vacated, and this matter is remanded to the district court. On remand, the district court should first ascertain whether defendant — bearing in mind that he may nonetheless be eligible for expungement in the future — desires to withdraw his guilty plea. If he so wishes, only then should the district court hold a contradictory hearing to determine whether the plea is constitutionally infirm and decide whether the plea was induced by what defendant justifiably believed to be a plea bargain but which, as a matter of law, could not be kept. **Allah**, 232 So.3d at 554; **Dixon**, 449 So.2d at 464.

JMG
GH
WRC

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT