NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 KA 0376

STATE OF LOUISIANA

VERSUS

COLTON BOUDREAUX

Judgment Rendered: __NOV 2 0 2024__

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
No. 42516

The Honorable Jeffrey S. Johnson, Judge Presiding

* * * * *

Jacob Longman
Kathryn J. Burke
F. Richard Sprinkle
Jennifer C. Cameron
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant
Colton Boudreaux

Liz Murrill
*Attorney General*
J. Taylor Gray
J. Bryant Clark, Jr.
*Assistant Attorneys General*
Baton Rouge, Louisiana

Attorneys for Appellee
State of Louisiana

* * * * *

**BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.**

**STROMBERG, J.**

The defendant, Colton Boudreaux, was charged by grand jury indictment with second degree murder (count one), a violation of La. R.S. 14:30.1, possession with intent to distribute marijuana (count two), a violation of La. R.S. 40:966(A)(1) and (B)(2)(a), and illegal carrying of a weapon (count three), a violation of La. R.S. 14:95(E). He initially entered a plea of not guilty. Following a plea agreement amending count one to manslaughter, a violation of La. R.S. 14:31, the defendant entered a plea of no contest to counts one and two, and count three was dismissed. Pursuant to the plea agreement, the defendant was sentenced to forty years at hard labor on count one and a concurrent sentence of ten years imprisonment on count two. He now appeals, assigning error to the voluntariness of his pleas. For the following reasons, we affirm the defendant's convictions on counts one and two, affirm the sentence on count one, and vacate the sentence and remand for resentencing on count two.

## VOLUNTARINESS OF PLEAS

In his sole assignment of error, the defendant alleges his no contest pleas to manslaughter and possession with intent to distribute marijuana are invalid because he was under the influence of fentanyl when the pleas were entered.

A guilty plea is a conviction and should be afforded a great measure of finality.[1] An unqualified plea of guilty waives all non-jurisdictional defects occurring prior to the plea and precludes their review by either appeal or post-conviction relief. Thus, appellate review is confined to the question of whether the

---

[1] We note the defendant herein entered pleas of no contest. A plea of no contest is equivalent to an admission of guilt and is treated as a guilty plea. See **State v. Oliver**, 2020-0190 (La. App. 1st Cir. 2/24/21), 321 So.3d 1033, 1037 n. 5.

2

guilty plea was constitutionally infirm. **State v. Emerson**, 2023-0120 (La. App. 1st Cir. 9/15/23), 375 So.3d 1027, 1029.

The record establishes this matter was set for trial and jury selection was completed on July 12, 2022. While a jury was being selected, a warrant was executed at the defendant's home wherein large quantities of narcotics and cash were recovered. The following day, after learning he would be charged for the new offenses, the defendant agreed to a plea bargain wherein he would plead no contest to the amended charge of manslaughter and to the charge of possession with intent to distribute marijuana. He further agreed to plead guilty to the July 12, 2022 drug offenses, for which he had not yet been formally charged, for a total combined sentence of forty years imprisonment.

Thereafter, the trial court conducted a **Boykin**[2] hearing with respect to the defendant's no contest pleas to counts one and two in this case. The trial court asked the defendant a series of questions, including his name, date of birth, the last four digits of his social security number, and his level of education. The trial court then informed the defendant of the charges against him and the penalties associated with those offenses, which the defendant stated he understood. The trial court then informed the defendant that by pleading no contest, he was waiving his right to trial by jury, his right against self-incrimination, and his right to confront witnesses against him. The trial court stated it was familiar with the defendant's case and believed there was a factual basis for the pleas. The trial court then asked the defendant whether his plea was free and voluntary, to which the defendant replied, "[y]es, sir." The trial court accepted the defendant's no contest pleas and set a sentencing date of July 28, 2022.

---

[2] **Boykin v. Alabama**, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

3

At the sentencing hearing, the trial court learned that when the defendant was booked into jail following his no contest pleas, officers discovered multiple fentanyl patches hidden underneath band-aids located on the defendant's person. As such, the defendant was additionally charged with introduction of contraband into a penal institution and pled no contest to that offense at the sentencing hearing. The defendant also pled no contest to two counts of possession with the intent to distribute fentanyl, the charges stemming from the July 12, 2022 search conducted at the defendant's home.[3] Thereafter, pursuant to the defendant's plea agreement, the trial court sentenced the defendant to concurrent sentences of forty years imprisonment for his manslaughter conviction, ten years imprisonment for his possession with intent to distribute marijuana conviction, and forty years imprisonment for his possession with intent to distribute fentanyl convictions. The trial court sentenced the defendant to an additional consecutive sentence of ten years for introduction of contraband into a penal institution.

The defendant filed a motion to reconsider sentence. At the hearing on the motion, the trial court also inquired as to whether the defendant was wearing the fentanyl patches at the time of he entered his no contest pleas for manslaughter and possession with intent to distribute marijuana, and whether there was a drug test performed indicating whether or not he was positive for fentanyl. Defense counsel stated the defendant did not appear intoxicated at the time he entered the pleas, and then read from the affidavit in support of the defendant's arrest for contraband, in which the affiant stated:

> [D]uring the process, I noticed four adhesive Band-Aids attached to the left breast of [defendant]. I then asked him to remove them to ensure nothing was concealed beneath. [Defendant] then complied in removing the bandages, upon further inspection I discovered three

---

[3] The defendant's charges for possession with intent to distribute fentanyl and introduction of contraband into a penal institution were filed in a separate trial court docket number.

4

small green and white adhesive patches that were secured between the Band-Aids . . . labeled Fentanyl 25.

Accordingly, defense counsel stated that because the fentanyl patches were secured between band-aids, rather than affixed directly to the defendant's skin, the patches were not activated at the time he entered his no contest pleas. The trial court denied the motion to reconsider sentence. On appeal, the defendant asserts his potential state of intoxication at the time he pled no contest to the instant charges prevented him from doing so voluntarily, and thus the pleas should be vacated. We disagree.

Initially, we note the defendant did not allege at the trial court level that his pleas were not knowing and voluntary, nor did he move to withdraw the pleas. The Louisiana Supreme Court has held a defendant's failure to make a formal motion to withdraw a guilty plea does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or post-conviction relief. **State v. Dixon**, 449 So.2d 463, 464 (La. 1984). A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the **Boykin** colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. **State v. Lewis**, 421 So.2d 224, 226 (La. 1982); **State v. McCoil**, 2005-658 (La. App. 5th Cir. 2/27/06), 924 So.2d 1120, 1124.

A thorough review of the record reveals the defendant's pleas were knowingly, freely, and voluntarily entered. There is no evidence in the record to support the defendant's contention he was under the intoxication of fentanyl at the time the pleas herein were entered. At no point did the defendant allege in the trial court, either by oral or written motion, that he was under the influence of fentanyl at the time his pleas were entered. Moreover, the plea colloquy indicates the defendant

5

gave clear and cogent responses to each of the trial court's inquiries, and defense counsel stated the defendant was actively engaged in conversation and did not appear intoxicated during the plea. Indeed, the evidence actually set forth in the record established the fentanyl patches in question were secured between bandages on the defendant's person; they were not affixed to his skin. Thus, the defendant had not ingested the fentanyl at the time his no contest pleas were entered. There is simply nothing in the record to support the defendant's claim of intoxication, or that his pleas were not entered freely and voluntarily such that they must be considered constitutionally infirm and thus vacated. This assignment of error is without merit.

## PATENT ERROR

This court routinely conducts a review of all appeals for error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. **State v. Anthony**, 2023-0117 (La. App. 1st Cir. 11/3/23), 378 So.3d 766, 775, writ denied, 2024-00027 (La. 5/21/24), 385 So.3d 242; La. Code Crim. P. art. 920(2). After a careful review of the record, we have found two patent errors.

A sentence for possession with intent to distribute marijuana may be imposed with or without hard labor. See La. R.S. 40:966(B)(2)(a). The transcript of the defendant's sentencing hearing indicates the trial court did not designate whether the defendant's sentence for possession with intent to distribute marijuana was to be served with or without hard labor, and, as such, the sentence is indeterminate.[4] See **State v. Jones**, 18-0211 (La. App. 1st Cir. 10/18/18), 2018 WL 5116277, *5 (unpublished), writ denied, 2018-2039 (La. 6/3/19), 272 So.3d 542; **State v. Wommack**, 2000-137 (La. App. 3d Cir. 6/7/00), 770 So.2d 365, 369, writ denied, 2000-2051 (La. 9/21/01), 797 So.2d 62.

---

[4] The minutes indicate the trial court imposed the sentence on count two to be served at hard labor. When there is a discrepancy between the transcript and the minute entry, the transcript prevails. **State v. Lynch**, 441 So.2d 732, 734 (La. 1983).

6

The correction of this sentencing error requires the exercise of discretion. **Jones**, 2018 WL 5116277 at \*6. Thus, pursuant to **State v. Haynes**, 2004-1893 (La. 12/10/04), 889 So.2d 224 (per curiam), we vacate the defendant's sentence on count two and remand the matter to the trial court for resentencing.

Additionally, the record reflects that after the trial court imposed the sentences herein, it advised the defendant he had "two years for post-conviction relief." A defendant generally has two years "after the judgment of conviction and sentence has become final" in which to seek post-conviction relief. La. Code Crim. P. art. 930.8(A). Accordingly, after resentencing the defendant on count two, the trial court is instructed to properly advise him of the time period provided in La. Code Crim. P. art. 930.8 for applying for post-conviction relief.

**CONVICTIONS ON COUNTS ONE AND TWO AFFIRMED; SENTENCE ON COUNT ONE AFFIRMED; SENTENCE ON COUNT TWO VACATED AND REMANDED FOR RESENTENCING WITH INSTRUCTIONS.**