JiPER CURIAM.
Writ granted in part; denied in part; case remanded.
Relator alleges that one of his present constitutional claims (that the state suppressed material exculpatory evidence at trial in violation of the principles set out in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny) rests on facts not known to him or his attorney and which did not become known to him until he obtained portions of the district attorney’s case file after proceedings initiated pursuant to the Public Records Act. La.R.S. 44:3(A)(4); Lemmon v. Connick, 590 So.2d 574 (La.1991); State v. Shropshire, 471 So.2d 707 (La.1985). Relator therefore appears to have raised a claim which falls under La. C.Cr.P. art. 930.8(A)(1), which provides an exception to the three-year time limit for filing applications for post conviction relief. Accordingly, the district court is ordered to hold a hearing pursuant to La.C.Cr.P. art. 930.8(A)(1) and (B) at which it will determine (1) whether relator has proved, or the state concedes, that his Brady claim rests on facts not disclosed to him or his attorney; and (2) if so, whether the state has been prejudiced in its “ability to respond to, negate, or rebut the allegations of the petition ... by events not under control of the state which have transpired since the date of [relator’s] original conviction ...” If the state hshows that relator’s delay has prejudiced it, the court should dismiss the application; if the state does not make such a showing, the court must proceed to an adjudication on the merits of relator’s Brady claim. In all other respects, the application is denied.