666 So.2d 652 (1996)
STATE ex rel. Thomas MEDFORD
v.
John P. WHITLEY, Warden.
STATE ex rel. Shelby ARABIE
v.
John P. WHITLEY, Warden.
Nos. 94-KH-2974, 95-KK-1187.
Supreme Court of Louisiana.
January 26, 1996.
PER CURIAM.
Writ granted in part; denied in part; case remanded. Relator alleges that one of his present constitutional claims (that the state suppressed material exculpatory evidence at trial in violation of the principles set our in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny), denied by the trial court as untimely, rests on facts not known to him or his attorney and which did not become known to him until he obtained documents pursuant to the Public Records Act, La.Rev.Stat. 44:1 et seq. Relator therefore appears to have raised a claim which falls under La.Code Crim.Proc. art. 930.8 A(1), that provides an exception to the three-year time limit for filing applications for post-conviction relief.
Accordingly, the district court is ordered to determine if the relator's claim based on the facts not known both "allege[s] a claim which, if established, would entitled [relator] to relief under La.Code Crim.Proc. art. 928 and also raises factual or legal issues which cannot "be resolved based upon the application and answer and supporting documents" under La.Code Crim.Proc. art. 929. If relator's claim based on facts not known meets the threshold tests set out in Article 928 and Article 929, the district court must hold a hearing pursuant to La.Code Crim. Proc. art. 930.8 A(1) and B at which it will *653 determine (1) whether relator has proved, or the state concedes, that his Brady claim rests on facts not disclosed to him or his attorney; and (2) if so, whether the state has been prejudiced in its "ability to respond to, negate, or rebut the allegations of the petition... by events not under the control of the state which have transpired since the date of [relator's] original conviction...." In this context, the withholding of exculpatory evidence under certain circumstances may constitute an event "under the control of the state" for purposes of La.Code Crim.Proc. art. 930.8 B.
If the state does not show prejudice from the delay, the court must proceed to an adjudication on the merits of relator's Brady claim.
In all other respects, the application is denied.