CALOGERO, Chief Justice,
dissenting.
I dissent. I would grant partial relief in the instant case by requiring the district court to conduct a hearing to determine whether the state suffers any prejudice to its ability to respond to the petition’s allegations because of the delay involved.
Art. 930.8(A) provides a three-year limitations period for post-conviction relief applications; art. 930.8(A)(1) excepts to that period for applications alleging “facts not known to the petitioner or his attorney.” Art. 930.8(A)(1) does not supply a specific time period, nor does it specify whether it requires a showing of due diligence by the petitioner or his attorney in attempting to procure new evidence. Instead, art. 930.8(A)(1) acts in concert with the general provision of art. 930.8(B), which allows for dismissal of both timely and untimely (but excepted) post-conviction-relief applications upon a showing of material prejudice to the state’s ability to respond to the allegations of the petition. That showing is to be made in “a hearing limited to that issue.” Thus, if relator in the instant case has demonstrated the existence of a fact of which he did not have knowledge, under the terms of the statute his claims would require a hearing in the district court as to what prejudice to the *95 state’s ability to respond, if any, the delay has caused.
Accordingly, I would grant relator partial relief by issuing an order remanding to the district court to determine: whether the relator’s claim meets the threshold tests of La. C.Cr.P. arts. 928 and 929, and whether the relator has proved that his claim rests on facts not known to him or his attorney. If the state did not show prejudice from the delay to its ability to respond to the petition’s allegations, the court |2would be required to adjudicate the merits of the relator’s claim.[1]

. The language of such an order would track language used by this Court in earlier cases in which it granted relief to inmates who invoked the timeliness exception of La.C.Cr.P. art. 930.8(A)(1). See, e.g., State ex rel. Arabie v. Whitley, 94-2974 (La. 1/26/96), 666 So.2d 652 (involving late discovery of Brady violations); State v. DiLosa, 94-2903 (La. 11/27/95), 662 So.2d 1040) (same); State v. Davis, 95-2450 (La. 12/15/95), 664 So.2d 437 (involved witness’s late-drafted affidavit in which she claimed she had lied under threats from the district attorney when she gave trial testimony against the defendant).