685 So.2d 104 (1996)
STATE ex rel. David A. WINN
v.
STATE of Louisiana.
No. 95-KH-0898.
Supreme Court of Louisiana.
October 2, 1996.
PER CURIAM.
Writ granted; case remanded. Relator alleges that one of his present constitutional claims (that the state suppressed material exculpatory evidence at trial in violation of the principles set out in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny) rests on facts not known to him or his attorney and which did not become known to him until he obtained documents pursuant to the Public Records Act, R.S. 44:1 et seq. Relator therefore appears to have raised a claim which falls under La.C.Cr.P. art. 930.8(A)(1), which provides an exception to the three-year time limit for filing applications for post conviction relief.
Accordingly, the district court is ordered to determine if the relator's claim based on the facts not known both "allege[s] a claim which, if established, would entitle [relator] to relief under La.C.Cr.P. art. 928 and also raises factual or legal issues which cannot "be resolved based upon the application and answer and supporting documents" under La.C.Cr.P. art. 929. If relator's claim based on facts not known meets the threshold tests set out in art. 928 and art. 929, the district court must hold a hearing pursuant to La.C.Cr.P. art. 930.8(A)(1) and (B) at which it will determine (1) whether relator has proved, or the state concedes, that his Brady claim rests on facts not disclosed to him or his attorney; and (2) if so, whether the state has been prejudiced in its "ability to respond to, negate, or rebut the allegations of the petition ... by events not under the control of the state which have transpired since the date of [relator's] original conviction...." In this context, the withholding of exculpatory evidence under certain circumstances may constitute an event "under control of the state" for purposes of L.C.Cr.P. art. 930.8(B).
If the state does not show prejudice from the delay, the court must proceed to an adjudication on the merits of relator's Brady claim.
WATSON, J., not on panel.