| iMURRAY, Judge,
concurring:
I concur in the result because I agree with the majority’s conclusion, at pages 7-10, that Mr. Chapman cannot establish that his trial attorney was unaware of the discrepancy regarding Ms. Polk’s status as an eyewitness. I further agree that a district court hearing is not required merely because an untimely claim for post-conviction relief rests upon one of the exceptions in Code of Criminal Procedure article 930.8 A. I write separately, however, because I disagree with the majority’s imposition of a “reasonable diligence” standard for consideration of an untimely post-conviction application under Article 930.8 B.
As the majority notes at pages 2-3, Article 930.4 expressly provides that a petitioner who failed to raise a claim in an earlier post-conviction application must show that that failure was “excusable” in order to obtain the district court’s further consideration of the merits. In contrast, Article 930.8 makes no reference whatsoever to the petitioner’s diligence, or lack thereof, in discovering the facts underlying his claim for relief. Instead, Paragraph B states as follows:
An application for post conviction relief which is timely filed, or which is allowed .under, an-exception to the time limitation set forth in Paragraph A of this Article, shall be dismissed upon a showing by the state of prejudice to its ability to respond to, negate, or rebut the allegations of the petition caused by events not under the control of the state which have transpired since the date of original conviction, if the court finds, after a hearing limited to that issue, that the state’s ability to respond to, negate, or rebut such allegations has been materially prejudiced thereby.
|2This language clearly provides that an untimely claim meeting one of the requirements in A(l) through (4) will be dismissed if the state shows that the delay has prejudiced its ability to respond, not if the petitioner cannot show that the delay was excusable.
This interpretation of Article 930.8 has been applied consistently by our Supreme Court. In State v. DiLosa, 94-2903 (La. 11/27/95), 662 So.2d 1040, an untimely application for post-conviction relief asserted a Brady claim similar to Mr. Chapman’s. The Supreme Court therefore ruled that:
[T]he district court is ordered to hold a hearing pursuant to La.C.Cr.P. art. 930.8(A)(1) and (B) at which it will determine (1) whether relator has proved, or the state concedes, that his Brady claim rests on facts not disclosed to him or his attorney; and (2) if so, whether the state has been prejudiced in its “ability to respond to, negate, or rebut the allegations of the petition ... by events not under control of the state which have transpired since the *510 date of [relator’s] original conviction ...” If the state shows that relator’s delay has prejudiced it, the court should dismiss the application; if the state does not make such a showing, the court must proceed to an adjudication on the merits of relator’s Brady claim....
The court in this ruling made no reference to the reason for the petitioner’s delay in asserting his claim or his diligence in discovering the factual basis for the claim.
In a subsequent case, State ex rel. Medford v. Whitley, 95-1187, 95-2974 (La. 1/26/96), 666 So.2d 652, the requirement for a hearing under Article 930.8 was narrowed as follows:
If relator’s claim based on facts not known meets the threshold tests set out in Article 928 and Article 929, the district court must hold a hearing ... at which it will determine (1) whether relator has proved, or the state concedes, that his Brady claim rests on facts not disclosed to him or his attorney; and (2) if so, whether the state has been prejudiced in its “ability to respond to, negate, or rebut the allegations of the petition ... by events not under the control of the state which have transpired since the date of Lrelator’s] original conviction. ...” In this context, the withholding of exculpatory evidence under certain circumstances may constitute an event “under the control of the state” for purposes of La.Code Crim.Proc. art. 930.8 B.
| alf the state does not show prejudice from the delay, the court must proceed to an adjudication on the merits of relator’s Brady claim.
The Supreme Court did not require any consideration of the reason for the petitioner’s delay in asserting his claim. It reemphasized, however, that the merits of the Brady claim was to be adjudicated unless the state established that the delay had prejudiced its ability to respond. The same language which I have quoted from Medford was used to order the trial court’s consideration of untimely Brady claims in State ex rel. Cormier v. State, 95-2208 (La. 10/4/96), 680 So.2d 1168, and State ex rel. Winn v. State, 95-0898 (La. 10/2/96), 685 So.2d 104.
More recently, the Supreme Court ruled in State ex rel. Leonard v. State, 96-1889 (La. 6/13/97), 695 So.2d 1325, that expiration of the three-year limit for post-conviction relief did not affect an inmate’s entitlement to public records under La.R.S. 44:31.1.[1] The Court based its ruling in part upon the possibility that the inmate could meet one of the exceptions in Article 930.8 A, and further stated as follows:
When and if relator files an application for post-conviction relief, and when and if the state asserts the three-year limitation; the court can then decide, after an evidentiary hearing if appropriate, whether any exception to the three-year limitation applies.
The reference to the state’s assertion that a claim is untimely rather than the inmate’s justification for delay, supports the conclusion that the majority has imposed an additional hurdle, unjustified by the statute or jurisprudence, in the post-conviction process.
For these reasons, I can only concur in the result reached here.

. R.S. 44:31.1 provides that for purposes of the Public Records Act, "person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief. ...”