706 So.2d 968 (1998)
Errol James CARLIN
v.
Burl CAIN, Warden.
No. 97-KP-2390.
Supreme Court of Louisiana.
March 13, 1998.
PER CURIAM.
Writ granted in part; otherwise denied; case remanded to the court of appeal. Though an appellate court may itself invoke the mandatory procedural bar of La.C.Cr.P. art. 930.4(A), cf. State ex rel. Glover v. State, 93-2330, p. 21-22 (La.9/5/95), 660 So.2d 1189, 1201-02 (appellate courts may raise the time bar of La.C.Cr.P. art. 930.8 sua sponte), the legislature directed the discretionary procedural bars of La.C.Cr.P. art. 930.4(B)-(E) to district court judges, who in appropriate cases may but need not invoke them to deny relief or dismiss an application. See art. 930.4 cmt.; Cheney C. Joseph, Jr., Postconviction Procedure, 41 La.L.Rev. 625, 638-40. Accordingly, appellate courts may not themselves deny relief under these subsections but instead may only review a district court's actions under them for an abuse of the district court's discretion or for the district court's compliance with La.C.Cr.P. art. 930.4(F). The court of appeal accordingly erred in raising the procedural bar of art. 930.4(E) itself.
We also note that the exception to the three-year time bar provided by La.C.Cr.P. art. 930.8(A)(1) for claims based on facts "not known to the petitioner or his attorney" imposes no express diligence requirement on the inmate and remains subject only to the laches-like provisions of La.C.Cr.P. art. 930.8(B), which authorize the dismissal of any timely-filed application or one filed under any of the statutory exceptions to the time bar when the state shows that delay has prejudiced *969 its ability to respond to the application as the result of events not within its control. See State ex rel. Medford v. Whitley, 95-1187 (La.1/26/96), 666 So.2d 652; State ex rel Winn v. State, 95-0898 (La.10/2/96), 685 So.2d 104; State ex rel. Cormier v. State, 95-2208 (La.10/4/96), 680 So.2d 1168. Thus, even if exculpatory material was at some time "knowable," an application based on it may still qualify under the new facts exception to the time bar, subject to the opportunity provided the state by art. 930.8(B) to show prejudice arising from the delay. In the absence of that showing and the district court's dismissal of the application on those grounds, the court of appeal erred in finding relator's application untimely.
The case is therefore remanded to the court of appeal for merits review. In all other respects the application is denied.
VICTORY, J., not on panel.