PER CURIAM.
Writ granted in part; otherwise denied; case remanded. Relator’s discovery of arguably suppressed evidence allows his untimely filing without regard to his diligence vel non in seeking the suppressed material. La.C.Cr.P. art. 930.8(A)(1); La. C.Cr.P. art. 930.8(B); Carlin v. Cain, 97-2390 (La.3/13/98), 706 So.2d 968; State v. Lanieu, 03-2640 (La.10/1/04), 885 So.2d 512; see also Banks v. Dretke, 540 U.S. 668, 695, 124 S.Ct. 1256, 1275, 157 L.Ed.2d 1166 (2004) (“Our decisions lend no support to the notion that defendants must scavenge for hints of undisclosed Brady material.... ”). The district court is accordingly ordered to appoint counsel for relator and hold a hearing at which the court will afford the state the opportunity to show that delay “caused by events not under [its] control” have prejudiced it. La.C.Cr.P. art. 930.8(B); Carlin v. Cain, 97-2390 at 2, 706 So.2d at 968-69; State ex rel. Cormier v. State, 95-2208 (La.10/4/96), 680 So.2d 1168. If the state does not make this showing, the district court shall determine on the merits whether the state suppressed material exculpatory information in violation of the rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and progeny. In all other respects the application is denied.
VICTORY and TRAYLOR, JJ., would deny-