11 WRIT GRANTED IN PART, DENIED IN PART AND REMANDED.
*762 The applicant’s conviction became final, and the time delays under La. C. Cr. P. art. 930.8 began to run upon the reinstatement of the applicant’s conviction and sentence in State v. Orman, 1997-2089 (La.1/9/98), 704 So.2d 245. The applicant made two claims in the district court allegedly based on “facts previously unknown to the petitioner and his attorney” as an exception to the time limitations for seeking post-conviction relief.
The first claim, is that the primary witness against him, Dee Dee Davis, had made statements to a teacher, Todd De-Mars, that she (Davis) wanted the murder victim killed. These remarks were reported to the authorities. This fact was known to the petitioner as early as 1998, according to the opinion of the U.S. Fifth Circuit in Orman v. Cain, 228 F.3d 616 (5th Cir.2000). We deny the writ on this issue, finding this claim to have been untimely asserted.
The Louisiana Supreme Court, in Carlin v. Cain, 1997-2390 (La.3/13/98), 706 So.2d 968, found that the exception to the three-year [now two-year] time bar provided by for La. C. Cr. P. art. 930.8(A)(1) based on facts not known to the petitioner or his attorney imposes no express diligence requirement on the inmate and remains subject only to the laches-like provisions of La. C. Cr. P. art. 930.8(B), which authorize the dismissal of any timely-filed application or one | ?filed under any of the statutory exceptions to the time bar when the state shows that delay has prejudiced its ability to respond to the application as the result of events not within its control.
While this holding relieves an applicant from due diligence in seeking to discover facts that will support an exception to the time limitations, it does not relieve the applicant from timely asserting a claim, once the facts supportive of that claim have been discovered. Because the facts underlying this claim were discovered before the filing of the 1998 petition in the federal court, the time limitations (whether we apply a 3-year or a 2-year delay) have run, and the claim is not timely. The trial court correctly denied this exception claim as being untimely.
The second claim is based on the applicant’s alleged January 2005 discovery of a familial relationship between Davis and an investigating officer in the case. The applicant also asserted that the officer had coached the witness during the investigation, to his detriment. This claim is not untimely, because it is governed by Carlin v. Cain, supra. The claim was filed in the state district court within two years of its alleged discovery. The trial court erred in finding it to be untimely based solely on the application and pleadings and the state’s response, which neither admitted nor denied the truth of the allegation. The trial court should have undertaken additional evidentiary proceedings to determine (1) when the alleged facts were discovered (and thus, whether the claim made in 2005 was timely filed), (2) if recently discovered and timely filed, whether the allegations are true, and (3) whether the relationship and alleged witness coaching were known to the state (i.e., whether the state withheld material exculpatory evidence in violation of the rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and (4) what impact, if any, would the alleged facts have on the integrity of the plea process.
The writ is granted, and remanded for the trial court to reconsider only the claim relating to the alleged relationship claim, and to undertake such additional evidentia-ry proceedings under La. C. Cr. P. arts. 929-930 as may be necessary to resolve the claim. If an evidentiary proceeding is *763 ordered, the trial court shall appoint counsel under La. C. Cr. P. art. 930.7.