*1162
 
 PER CURIAM.
 
 [1]
 

 11 Granted. The stay previously ordered by this Court is vacated, the judgment of the district court granting respondent, Sherrod Brumfield, post-conviction relief is reversed, and respondent’s convictions and habitual offender sentence are reinstated.
 

 The record reveals that in June, 2007, the trial court purported to grant respondent an additional two years in which to file for post-conviction relief because the court had inadvertently failed to comply with La.C.Cr.P. art. 930.8(C) by advising respondent of the time limits imposed by La.C.Cr.P. art. 930.8(A) when it accepted his guilty pleas and sentenced him in 1999. Respondent then filed his present application in June, 2008, asserting various claims including one, upon which the court granted relief, alleging that his trial attorney labored under a conflict of interest. However, we have held that the notice provision of La.C.Cr.P. |2art. 930.8(C) “is supplicatory language and does not bestow an enforceable right upon an individual defendant.”
 
 State ex rel. Glover v. State,
 
 93-2330, p. 21 (La.9/5/95), 660 So.2d 1189, 1201. Thus, “while the legislature intended to notify defendants of Art. 930.8’s limitations period, the legislature’s broader aim was to limit the limitations period for a applications for post conviction relief ... unless certain specific exceptions apply and not to create a remedy for a trial court’s failure to inform the defendant of the limitations period.”
 
 Id.
 
 We also made clear in
 
 Glover
 
 that in cases in which the trial court addresses an otherwise time-barred application on the merits, an appellate court may assert the time limits imposed by art. 930.8(A) as a basis for denying relief in accord with clearly expressed legislative intent to limit collateral attacks on final convictions.
 
 Glover,
 
 93-2330 at 22, 660 So.2d at 1201-02.
 

 Respondent’s conflict-of-interest claim, based on facts known to him at the time he entered his guilty pleas, does not otherwise fall within any of the exceptions to the time limit enumerated in art. 930.8(A) and is therefore time barred as a matter of La.C.Cr.P. art. 930.8(A).
 

 [1]
 

 . Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tempore,
 
 participating in the decision.