JOHNSON, J.
 

 would grant this writ application.
 

 hln this matter, Ernest Allen (“the relator”) was found guilty of first degree murder and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence in 1994. The court of appeal affirmed,
 
 State v. Allen,
 
 94-1895 (La.App. 4 Cir. 9/15/95), 661 So.2d 1078, and this Court denied his writ application.
 
 State v. Allen,
 
 95-2475 (La.2/2/96), 666 So.2d 1087.
 

 In 2006, the relator filed a Motion For New Trial and application for post conviction relief based on newly discovered evidence, which the district court denied, finding the application untimely. The
 
 *758
 
 court of appeal denied writs, finding that the relator’s claim for post-conviction relief is time barred under LSA-C.Cr. P. art. 930.8(1).
 
 State v. Allen,
 
 09-1475 (La.App. 4 Cir. 1/7/11), 55 So.3d 757, 2011 WL 46776.
 

 The relator argues that newly discovered evidence entitles him to a new trial. Specifically, at the Motion for New Trial hearing, Ms. Denise Robateau testified that |2on the day of the murder she saw two men named “Eric and Levi” emerge from a white truck with guns in their hands and approach the victims. Afraid for her safety, she ran to a nearby store, and once inside heard gunshots. She further testified that she did not see the shooting and did not tell police the names of the people she saw out of fear. The next day, the two men (Eric and Levi) approached her and asked what she had told the police. Thereafter, she fled the city and was not located until after Hurricane Katrina in 2006, when she was asked to appear on the relator’s behalf. Subsequently, the relator filed a Motion for New Trial within one year of her discovery.
 

 LSA-C.Cr.P. art. 930.8 provides in pertinent part:
 

 (A) No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
 

 (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
 

 In this case, it appears this new information, not contained in the police report, was discovered only after Ms. Robateau was located. Before the witness was located, the relator had no new evidence, other than the police report, to present to the court. Because the relator has demonstrated that he did not locate Ms. Roba-teau until several years after his conviction became final, the lower courts erred when they dismissed the relator’s application as untimely filed. The evidence presented by relator constitutes facts “not known to the petitioner or his attorney” under LSA-C.Cr.P. art. 930.8(1)(A) and the code article “imposes no express diligence requirement .... [and] even if exculpatory material was at some time ‘knowable,’ an application based Ron it may still qualify under the new facts exception to the time bar.”
 
 Carlin v. Cain,
 
 97-2390, pp. 1-2 (La.3/13/98), 706 So.2d 968, at 968-69.
 

 For the above reasons, I would grant the relator’s application and remand the case to the district coui*t and order that it consider whether Ms. Robateau’s testimony “undermine[s] the prosecution’s entire case,” thereby satisfying the standard set out in
 
 State v. Conway,
 
 2001-2808 (La.4/12/02), 816 So.2d 290, requiring the vacation of relator’s conviction, unless the state establishes that the events not under its control have prejudiced its ability to “respond to, negate, or rebut” the newly discovered evidence pursuant to LSA-C.Cr.P. art. 930.8(B).