PER CURIAM.
| (Writ granted in part; denied in part. The state seeks review of the Fourth Circuit’s order upholding the trial court’s denial of its procedural objections to the application for post-conviction relief filed by respondent in 2012 collaterally attacking six convictions by way of guilty pleas entered on the same day in 1999. State v. Brumfield, 13-K-0765 (La.App. 4 Cir.9/17/13) (Lombard, McKay, JJ., Bonin, J., dissenting).
Following this Court’s decision in State v. Brumfield, 09-1084 (La.9/2/09), 16 So.3d 1161, which held that respondent’s window of opportunity for attacking his 1999 guilty plea on one count of armed robbery, supporting his habitual offender sentence, on a conflict-of-interest claim had closed by virtue of the time limits imposed by La. C.Cr.P. art. 930.8(A), the trial court granted a motion by respondent in 2011 and imposed sentence for the first time on the five remaining convictions dating from the 1999 plea proceeding. The court ran all of the sentencing concurrently with the habitual offender sentence on the remaining count of armed robbery, with the net effect that respondent’s overall term of imprisonment did not change. 12The state did not seek review at that time. In 2012, the trial court then resentenced respondent on the remaining armed robbery count by expressly vacating the original sentence imposed on that count and re-imposing the same habitual offender sentence. Respondent thereafter filed another application for post-conviction relief challenging all six of his convictions on the basis of his conflict-of-interest claim. The state filed procedural objections on grounds that the application was time-barred as to all counts and repetitive. The trial court denied the objections on grounds that sentencing in 2011 on five of the six counts, and resen-tencing in 2012 on the remaining count, provided respondent with new two-year time periods for collaterally attacking all of his convictions. The court found that the 2012 application was therefore timely, but refrained from reaching the merits to give the state the opportunity to seek review.
The court of appeal denied relief. Finding that it was “undisputed that the defen *871 dant’s post-conviction time period has not prescribed with regard to five of the six counts,” and that it was “faced with the potential disconcerting situation where it finds that the defendant’s constitutional procedural due process rights were egregiously violated but, even though the same constitutionally infirm process underlies all counts (and, concomitantly, sentences), relief can be granted only as to five of the six counts,” a majority on the panel found no abuse of discretion by the trial court in denying the state’s procedural objections as to all six counts. Judge Bonin dissented from that order on grounds that our prior decision in Brumfield foreclosed the issue of timeliness altogether.
The court of appeal erred to the extent that it upheld the trial court’s denial of the state’s procedural objections as to the count of armed robbery | scarrying respondent’s habitual offender sentence. Pursuant to La.C.Cr.P. art. 930.8 and State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, respondent is barred from seeking post-conviction relief as to that conviction and sentence. The post-conviction time limitations period did not begin to run anew when the district court vacated the habitual offender sentence originally imposed in 1999 and resentenced respondent in 2012 to the same term. See e.g., State ex rel. Rushing v. Whitley, 93-2722 (La.11/13/95), 662 So.2d 464 (“Resen-tencing alone does not restart the ... time period for applying for post-conviction relief.”). As noted in our prior decision, respondent’s window of opportunity for collaterally attacking the one armed robbery conviction supporting the habitual offender sentence had fully closed by the time respondent filed his first application in 2008 asserting a conflict-of-interest “based on facts known to him at the time he entered his guilty pleas,” and not “otherwise falling] within any of the exceptions to the time limit enumerated in art. 930.8.” Brumfield, 09-1084 at 2, 16 So.3d at 1162. That window did not reopen when the trial court corrected its error in 1999 by finally imposing sentence on the remaining counts in 2011, without objection by the state, and thereby gave respondent an opportunity to collaterally attack those convictions. La.C.Cr.P. art. 930.8(A) (no application for post-conviction relief may be considered if filed more than two years “after the judgment of conviction and sentence has become final”) (emphasis added). One consequence of the time limits imposed by the legislature in La. C.Cr.P. art. 930.8(A), as underscored by our prior decision, Brumfield, 09-1084 at 2, 16 So.3d at 1162, is that constitutional claims on the merits may be foreclosed simply by the passage of time.
|4The trial court’s denial of the state’s procedural objections to respondent’s application for post-conviction relief as it relates to the conviction for armed robbery supporting the habitual offender adjudication and sentence is therefore reversed. The claim as to that conviction is time-barred. In all other respects, however, the state’s application in this Court is denied.