PER CURIAM.
| denied. Relator does not show that the district court erred when it determined that relator’s claims concerning alleged trial errors were procedurally barred pursuant to La.C.Cr.P. art. 930.4(B). See Carlin v. Cain, 97-2390 (La.3/13/98), 706 So.2d 968. Additionally, relator fails- to demonstrate he received ineffective assistance of counsel under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La. C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.