STATE OF LOUISIANA

VERSUS

WILFRED GREENUP

NO. 23-KH-220

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

May 30, 2023

Linda Wiseman
First Deputy Clerk

IN RE STATE OF LOUISIANA

APPLYING FOR SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 1985-CR-7

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Cornelius E. Regan, Pro Tempore

**WRIT GRANTED**

Relator, the State of Louisiana, seeks review of the district court's March 15, 2023 judgment that declared defendant Wilfred Greenup's 1985 guilty plea constitutionally infirm. The district court further ordered defendant released from confinement, but subsequently granted a stay of this order on March 30, 2023. For reasons stated more fully below, we grant the State's writ application, reverse the district court's March 15, 2023 judgment and reinstate defendant's guilty plea and sentence.

**Procedural Background**

On January 23, 1985, a St. John the Baptist Parish Grand Jury issued an indictment charging defendant with first-degree murder in violation of La. R.S. 14:30. On September 16, 1985, defendant pled guilty to a reduced charge of attempted first-degree murder. On the same date, the district court sentenced

defendant to 40 years imprisonment at hard labor. Defendant did not file an appeal.

In 2022, defendant filed a series of motions with the district court in which he sought to withdraw his guilty plea on grounds that his plea was not knowing, intelligent and voluntary. Defendant also challenged the legality of his 40-year sentence because he was a juvenile at the time of his offense.[1] The district court set the motions for an evidentiary hearing on October 12, 2022.

At the hearing, defendant first argued that his sentence was illegal because the trial judge who presided over his guilty plea failed to consider any mitigating factors before sentencing him. Defendant cited *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), which dictate that a defendant who was under the age of eighteen at the time of the offense may not be "automatically" sentenced to life imprisonment without parole but, rather, is entitled to a sentencing hearing for determination as to whether the offender's sentence shall be imposed with parole eligibility. Defendant argued that because he was 17 years old at the time of the offense, the district court should reconsider his sentence.[2] In response, the State argued that *Miller* and *Montgomery* were inapplicable to defendant's case given that he was convicted of attempted first-degree murder and did not receive a life sentence. The State further explained that defendant was released on parole, which was later revoked due to a parole violation.[3]

_____

[1] Specifically, on June 8, 2022, defendant filed a Motion to Correct and Set Aside an Illegal Invalid Guilty Plea. On July 15, 2022, defendant filed a Motion to Amend Conviction and Sentence. On July 19, 2022, defendant filed a Motion to Supplement Original Motion to Amend Conviction and Sentence/Motion to Correct Illegal Sentence, and on August 10, 2022, defendant filed a Motion to Amend Conviction and Sentence Louisiana Code of Criminal Procedure Article 930.10. The trial court recognized in its March 15, 2023 judgment that defendant's motion to correct an illegal sentence is without merit because his 40-year sentence for attempted first-degree murder is within the applicable sentencing, which allowed a maximum sentence of 50 years. However, the trial court did not identify which motion it granted in determining that defendant's guilty plea is constitutionally infirm.

[2] The instant offense occurred on November 6, 1984. According to the Department of Corrections record included in the instant application, defendant's birthdate is February 17, 1967.

[3] On February 15, 2005, defendant was released "as if on parole" based on the diminution of his sentence in accordance with the provisions of La. R.S. 15:571.5. Defendant's parole was later revoked on March 6, 2008, on

Defendant also challenged his 1985 guilty plea as involuntary, arguing that that the trial court never advised him of the nature of the charge or the minimum and maximum sentence that he faced. In addition, defendant argued that the trial judge never considered that he was a juvenile. The State countered that defendant's claim attacking his guilty plea as involuntary was a claim to be raised on post-conviction rather than as an illegal sentence. As such, the State asserted defendant's present challenge to his 1985 guilty plea was untimely pursuant to the prescriptive period for filing an application for post-conviction relief ("APCR") set forth in La. C.Cr.P. art. 930.8.[4]

According to the transcript, the parties did not introduce and the trial court did not accept any evidence into the record during the October 12, 2022 hearing. Following the hearing, the district court took the matter under advisement.

On March 15, 2023, the district court issued a ruling that essentially vacated defendant's guilty plea and set aside his sentence and conviction based on its finding that defendant's 1985 guilty plea was constitutionally infirm. Specifically, the district court found "three major discrepancies" with defendant's guilty plea: "(1) the court did not have jurisdiction over this juvenile proceeding, (2) the defendant was interrogated without a parent or guardian present, and (3) the court did not ensure the defendant's plea was knowing, intelligently (sic), and voluntary."[5]

Although the district court found that defendant's claim of an illegal sentence was "without merit," as there was no apparent illegal term in his sentence, the district court found that defendant's claim of a constitutional violation was

---

the basis that defendant absconded from supervision in January 2007. *See Greenup v. La. Parole Bd.*, 11-671, p. 2 (La. App. 1 Cir. 3/23/12), 2012 WL 992117.

[4] La. C.Cr.P. art. 930.8(A) provides in pertinent part: "No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922. . . "

[5] Our review of the materials submitted with the State's writ application do not indicate that defendant raised specific issues regarding the trial court's jurisdiction.

within "this Court's habeas power."  In doing so, the district court stated it would treat defendant's motion as a writ of habeas corpus.  Finally, the district court found that the post-conviction prescriptive period as set out in La. C.Cr.P. art. 930.8 did not apply to defendant's case because the article was not enacted until after defendant entered his guilty plea and the trial court did not subsequently inform defendant of the time limitations to seek post-conviction relief.

On March 29, 2023, the State filed a notice of intent with the district court. In its notice of intent, the State also requested a stay of the proceedings. On March 30, 2023, the district court set a return date for April 27, 2023, and granted the State's motion for a stay of the proceedings.   On April 25, 2023, the State filed a timely writ application with this Court.

**Discussion**

In its writ application, the State first argues that defendant's involuntary guilty plea claim is an untimely claim for post-conviction relief.  As noted above, the district court reasoned that the time limitation set forth in La. C.Cr.P. art. 930.8 is not applicable to defendant's involuntary guilty plea claim because the legislature enacted this provision in 1990, five years after defendant's guilty plea, and the trial court did not inform defendant of the post-conviction time limitation.[6] The district court further found defendant's claim viable pursuant its "habeas corpus power."

In 1990, the prescriptive period for filing an APCR was enacted and set forth in La. C.Cr.P. art. 930.8, which provided in pertinent part as follows:

> A.  No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under Article 914 or 922. . . .

---

[6] The district court cited to this Court's decision in *State v. Grant*, 04-341 (La. App. 5 Cir. 10/26/04), 887 So.2d 596, 598, in support of these statements.  In *Grant*, this Court recognized that the trial court's advisal regarding the prescriptive period was incomplete and remanded the matter for the trial court to provide written notice.  *Id.* Contrary to the district court's conclusion, this Court did not hold that the lack of a complete advisal rendered La. C.Cr.P. art. 930.8 time limitations inapplicable.

Subsection (A)(3) of Article 930.8 provided a grace period until October 1, 1991, for APCRs that would already be barred prior to the 1990 enactment.

As the State points out in its writ application, defendant "would have been afforded an opportunity to file a post-conviction relief application for up to one year after the new law was enacted." Further, in *State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189*, 1200-01, *abrogated on other grounds in State ex rel. Olivieri v. State, 00-172 (La. 2/21/01), 779 So.2d 735*, the Louisiana Supreme Court confirmed that La. C.Cr.P. art. 930.8 did not violate *ex post facto* prohibitions, as the article itself does not relate to an offense or its punishment. Therefore, contrary to the district court's findings, the time limitations required by Article 930.8 are retroactive and apply to defendant's claim.

We further disagree with the district court's conclusion that the time limitations do not apply to defendant's claim based on the lack of notice from the presiding court. The *Glover* court further held that La. C.Cr.P. art. 930.8(C), which requires the sentencing court to inform a defendant of the APCR time limitation, is merely a directive to trial courts, the violation of which does not bestow an enforceable right on an individual defendant. *Id.* at 1201; *State v. Brumfield*, 09-1084 (La. 9/2/09), 16 So.3d 1161 (concluding that the trial court's failure to provide the advisal required by La. C.Cr.P. art. 930.8(C) did not entitle the defendant to additional time to file an APCR). This Court has further recognized that the promulgation of a law is deemed adequate notice to a defendant. *See State v. Moura*, 06-133 (La. App. 5 Cir. 8/29/06), 940 So.2d 29, 33. Accordingly, the lack of a La. C.Cr.P. art. 930.8(C) advisal does not render the time limitations to file an APCR inapplicable to defendant's claim.

In addition, we find that the district court erred by granting defendant relief pursuant to its "habeas corpus power." Generally, the writ of habeas corpus may not be used for complaints challenging a conviction. *See* La. C.Cr.P. art. 351

("The provisions of this Title are not available to persons entitled to file an application for post-conviction relief under [La. C.Cr.P. art. 924].").  Essentially, habeas corpus deals with preconviction complaints concerning custody.  Official Revision Comment (c), La. C.Cr.P. art. 351.  In *State ex rel. James v. State*, 93-242 (La. App. 1 Cir. 3/15/93), 640 So.2d 259, the defendant argued that his conviction was invalid and he was eligible for habeas relief because he was no longer entitled to post-conviction relief.  The appellate court concluded that the defendant's claim was in the nature of post-conviction relief and his petition for habeas corpus was properly denied as follows:

> Relator contends he is eligible for habeas relief because he is no longer entitled to post conviction relief. However, habeas corpus and post conviction complaints are fundamentally different. Although some post conviction complaints may actually seek habeas relief, relator's claim is based on an allegation that his custody is unlawful because his conviction is invalid. He cannot claim that the order for his custody is illegal for this reason; and, therefore, his complaint is not in the nature of habeas corpus. Relator's claims are in the nature of post conviction relief, and his petition for habeas corpus was properly denied.

*Id.* Thus, we find the district court's decision to treat defendant's motions as a writ of habeas corpus was in error.[7]

Defendant pled guilty and was sentenced on September 16, 1985.  While a trial judge has the discretion to allow a guilty plea to be withdrawn at any time before sentencing under La. C.Cr.P. art. 559(A), once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief.  *State v. Dixon*, 449 So.2d 463, 464 (La. 1984); *State v. Gross*, 95-621 (La. App. 5 Cir. 3/13/96), 673 So.2d 1058, 1059-60.  An attack on a guilty plea by means of post-conviction relief must be

---

[7] The district court cited to *State v. Galliano*, 396 So.2d 1288, 1290 (La. 1981), in support of its position that it could treat defendant's request for relief as a writ of habeas corpus.  However, the *Galliano* court recognized that due to the time the case arose, it did not need to consider recent enactments to La. C.Cr.P. art. 924 *et. seq.* (post-conviction relief) and amendments to La. C.Cr.P. art. 351 *et. seq.* (habeas).  *Id.* at 1289 n. 3.  Furthermore, shortly thereafter, the Louisiana Supreme Court recognized that a constitutionally infirm guilty plea may be withdrawn by means of appeal or post-conviction relief.  *State v. Dixon*, 449 So.2d 463, 464 (La. 1984); *State v. Hayes*, 423 So.2d 1111 (La. 1982).

timely filed pursuant to La. C.Cr.P. art. 930.8.  *State ex. rel. Chauvin v. State*, 99-2456 (La. App. 1 Cir. 1/28/00), 814 So.2d 1, 2-3.

As such, defendant's claim of an involuntary 1985 guilty plea raised in 2022 is well beyond the prescriptive period and the statutory grace period of La. C.Cr.P. art. 930.8.  In addition, neither the district court nor defendant point to any exceptions under La. C.Cr.P. art. 930.8 that would permit the filing of an APCR beyond the statutory time limits.  Accordingly, we find that defendant's claim of an involuntary guilty plea is time-barred.  *See Carlin v. Cain,* 97-2390 (La. 3/13/98), 706 So.2d 968 (appellate courts may raise the time-bar of La. C.Cr.P. art. 930.8 *sua sponte*).

In addition, even when considering the merits of the district court's findings, we find that the district court erred by finding defendant's guilty plea was constitutionally infirm.  The trial court first concluded that defendant's guilty plea is constitutionally infirm because the juvenile court never surrendered jurisdiction to the district court by means of a transfer hearing.  Although defendant was 17 years old in 1984 when the instant offense occurred, the applicable statute in effect at that time, La. R.S. 13:1570,[8] conferred automatic jurisdiction in district courts over juveniles fifteen years and older charged with specified crimes, such as first-degree murder, without any necessity for a transfer hearing.  *State v. Smith,* 400 So.2d 587, 590-91 (La. 1981) ("The Louisiana Constitution exempts from juvenile procedures those persons fifteen years of age or older who are charged with capital offenses. La. Const. art. V, §19. Therefore, no transfer proceeding is necessary; jurisdiction is in the district court."); *see also State v. Perique*, 439 So.2d 1069 (La. 1983).  Thus, the district court incorrectly concluded that the trial court lacked

---

[8] In 1991, La. R.S. 13:1570 was repealed and incorporated into the Louisiana Children's Code as La. Ch.C. art. 305. *See* La. Ch.C. art. 305, cmt (a).

jurisdiction over defendant's case due to the alleged failure to hold a transfer hearing.

Next, the district court found that defendant, a juvenile, was interrogated by the police without his counsel or family present—a procedure, according to the district court, that the State used to "unconstitutionally coax him to plead to 40 years." However, a guilty plea normally waives all non-jurisdictional defects in the proceedings prior the entry of the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *See State v. King*, 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793, *writ denied*, 00-1824 (La. 6/29/01), 794 So.2d 822. In addition, in an APCR, the petitioner has the burden of proving that relief should be granted. *See* La. C.Cr.P. art. 930.2. Notwithstanding the untimeliness of such a claim under La. C.Cr.P. art. 930.8, to the extent that defendant's claim of an improper police interrogation rests on his conclusory assertion alone, defendant failed to meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2.

Finally, the district court found that defendant's age at the time of his plea rendered his guilty plea involuntary. Despite the district court's characterization of defendant as an "infant in the eyes of the state," defendant was 18 years old at the time of his guilty plea. In the instant case, the guilty plea hearing transcript reflects that defendant confirmed the trial judge's statement describing the guilty plea as the "attempted murder of a police officer; namely, Mr. Sherman Walker, on or about the 6th day of November 1984" and "[t]hat you were an accomplice with others in this crime." The guilty plea transcript also reflects that the trial judge advised defendant of his *Boykin*[9] rights, and defendant affirmed that he understood. Defendant's waiver of rights form, dated the same date on which he pled guilty,

---

[9] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

reflects his signature under the advisals of his *Boykin* rights and the waiver of his rights by pleading guilty. Defendant also affirmed at the guilty plea hearing that he had "no complaint" with his attorney's handling of the case. Before imposing the sentence, the trial judge stated, after "conferring with both the State and your attorney and some of the witnesses, that an appropriate sentence for the attempted murder of a police officer, in accomplice with others, is forty (40) years." Further, defendant received a substantial benefit by accepting the State's plea agreement, which reduced the first-degree murder charge, punishable by death or life imprisonment, to attempted first-degree murder. Accordingly, the district court's finding of an involuntary guilty plea was erroneous.

## Conclusion

For all of the reasons set forth above, we grant the State's writ application, vacate the district court's March 15, 2023 judgment and reinstate defendant's guilty plea and sentence.

Gretna, Louisiana, this 30th day of May, 2023.

**CER**
**JGG**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>05/30/2023</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KH-220**

### E-NOTIFIED
40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Orenthal J. Jasmin (Relator)                    Honorable Bridget A. Dinvaut (Relator)

### MAILED
Wilfred Greenup #111228 (Respondent)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426