# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RUBIN WADE

NO. 2023 KW 0417

**JULY 28, 2023**

---

In Re:    State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 11-81-0270.

---

**BEFORE:    HOLDRIDGE, CHUTZ, AND PENZATO, JJ.**

**WRIT GRANTED.** The new rule of criminal procedure announced in **Ramos v. Louisiana,** ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), which provides for unanimity in jury verdicts is not retroactive in Louisiana. **State v. Reddick,** 2021-01893 (La. 10/21/22), 351 So.3d 273, 283. See also **State v. Jackson,** 2022-00720 (La. 5/16/23), 360 So.3d 273 (*per curiam*). The defendant's convictions became final in 1986. See La. Code Crim. P. art. 922(B). Accordingly, the district court's order overruling the procedural objection of untimeliness to defendant's application for postconviction relief, filed in February 2021, and directing the district attorney to file an answer on the merits is reversed. See La. Code Crim. P. art. 930.8(A)(2). Therefore, the application for postconviction relief is hereby dismissed. See **State v. Brumfield,** 2009-1084 (La. 9/2/09), 16 So.3d 1161, 1162.

**WRC**
**AHP**

**Holdridge, J.,** concurs. This action does not prevent the defendant from requesting postconviction relief and raising a constitutional challenge to his conviction upon a showing that his conviction by a non-unanimous jury was due to racial animus or that the jurors voting not guilty had a valid basis to find that the defendant was not proven guilty beyond a reasonable doubt from the evidence presented. **State v. Reddick,** 2021-01893 (La. 10/21/22), 351 So.3d 273. (Genovese, J., dissenting in part; Griffin, J., dissenting)

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT